537 F.Supp. 214 (1982)
James DENT, d/b/a Metropolitan Architects Collaborative, Plaintiff,
v.
J. Frederic COHEN and Vera F. Cohen, d/b/a Veeco Investment Company, Defendants.
No. 81-1063.
United States District Court, E. D. Missouri, E. D.
March 29, 1982.
*215 Thomas Jayne, Thompson & Mitchell, St. Louis, Mo., for plaintiff.
Edward C. Vancil, Clayton, Mo., for defendants.

MEMORANDUM
MEREDITH, District Judge.
This matter was tried to the Court and the Court has carefully examined all of the evidence and the exhibits. Plaintiff and defendants entered into a written contract on September 8, 1980 to remodel and upgrade the exterior of the Village Shopping Center which is located at Clayton and Woods Mill Roads in St. Louis County, Missouri. The contract provided that compensation shall not exceed $20,000 for basic services and provided for interest at the rate of 1½% on the unpaid balance plus reasonable attorney's fees. The contract provided that any interior remodeling or tenant finish spaces, including structural, mechanical or electrical engineering services, will be considered additional services and compensation will be as stated in paragraph 9.3 of the contract. The written contract had a clause 1.5.1 which provided as follows:
1.5.1. Additional services shall be provided if authorized or confirmed in writing by the Owner or if included in Article 10, and they shall be paid for by the Owner as provided in this Agreement.
Article 10.2 provided as follows:
10.2 Any interior remodeling or tenant finish spaces including structural, mechanical or electrical engineering services will be considered additional services and compensation shall be as stated in paragraph 9.3.
The plaintiff began work in September of 1980 and completed the work in June of 1981. Plaintiff billed defendants for a total of $80,536.36 from September 1980 through June of 1981. This amount included a $4,000 fee for an outside mechanical engineering project which the defendants paid for directly. Defendants also paid another $4,000 fee to a landscape architect in addition to the $4,000 fee for the mechanical engineering project. The defendants paid to the plaintiff a total of $32,892.95 and there is a balance owing to the plaintiff for work which he did in the amount of $43,643.41.
The plaintiff has asked the Court to allow termination fees as provided in the contract in the amount of $2,182.17 and prejudgment interest in the amount of $9,562.77 in addition to the $43,643.31 plus an additional amount for attorney's fees as provided under the contract.
Plaintiff filed a mechanic's lien for his services on November 9, 1981 within the six month period provided by Section 429.080 RSMo 1978.
The plaintiff is a citizen and resident of the State of Kansas. The defendants are citizens and residents of St. Louis County, Missouri. Veeco Investment Company is a Missouri partnership.
There is diversity of citizenship between the parties. The amount in controversy exceeds $10,000. This Court has jurisdiction pursuant to 28 U.S.C. 1332.
On November 24, 1980, the defendants were advised by the plaintiff that the additional services were exceeding the $20,000 limit. The plaintiff, Mr. Dent, sent an amendment to the contract which provided that additional services would be authorized and would not exceed $22,000. The defendants *216 did not sign the amended contract but told plaintiff to go ahead with the work and keep track of the hours. The plaintiff performed extensive services on a colonnade between Building A and Building B, which the defendant Cohen authorized and this included preliminary plans and final drawings. Defendants used very little of this but the final drawings were used in an effort to persuade a restaurant to locate in the area. Building C was remodeled on several occasions to include a theater in one half and office buildings, both one and two story, in the other half. This was authorized by the defendants including a number of final building plans which were changed by the defendants from time to time and redrawn. On those two projects, both of which were authorized by defendants orally but not in writing, the charges mounted tremendously. Defendants used all of these plans and presented them to the Pioneer Bank sometime after February 11, 1981 and obtained a $200,000 loan from the Pioneer Bank for the purpose of rehabilitating the shopping center.
Defendants have invested in the shopping center approximately $5,000,000. Their original oral budget for the rehabilitation, which was never put in writing, was $400,000. They actually spent approximately $1,000,000 in rehabilitating the project.
The plaintiff and his associates did a workmanlike job in the drawing of the plans. They kept in constant contact with the owner and the construction superintendent. The owner acted as his own contractor and sublet the various projects to subcontractors.
The defendants never once criticized the plaintiff either orally or in writing about the quality of his work or any excessive charges. Bills were sent to defendant Cohen monthly. He never complained about the bills. He merely kept paying. His last payment was on April 3, 1981. He authorized each and every one of the plans, both preliminary and final, drawn by the plaintiff.
The Court will award plaintiff a judgment against defendants in the amount of $43,643.41 on a theory of quantum meruit since the defendant did request these services and did use all of the plans and drawings provided by the plaintiff. Prejudgment interest, termination fees and attorney's fees will not be allowed.
The mechanic's lien filed on November 9, 1981 in St. Louis County, Missouri, is a binding and valid mechanic's lien and is enforceable as provided under 429.015 RSMo 1978 which provides that an architect may have a lien against the property for his services.